UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT GRAY, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:09CV2081 CEJ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Robert Gray to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1].

On October 10, 2008, following his guilty plea to being a felon in possession of a firearm, Gray was sentenced to a 77-month term of imprisonment. He did not appeal the judgment. Gray filed the instant motion to vacate on December 18, 2009.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The Court may consider, on its own initiative, whether a motion to vacate is barred by the statute of limitations. See Day v. McDonough, 547 U.S. 198, 210 (2006) (district courts are permitted to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. Id.

A criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. Moshier v. United States, 402 F.3d 116, 118 (2nd Cir. 2005); Anjulo-Lopez v. United States, 541 F.3d 814, 816 (8th Cir. 2008). In this case, the judgment became final on October 27, 2008. See Fed. R. App. P. 4(b)(1); Fed. R. App. P. 26(a). Thus, the one-year period of limitations under § 2255 expired at the end of October 2009, more than a month before the filing of this motion.

Accordingly,

**IT IS HEREBY ORDERED** that movant Robert Gray shall show cause in writing, **not later than February 5, 2010**, why his motion to vacate, set aside or correct sentence should not be dismissed as time-barred. **If movant fails to comply with this Order, the instant motion will be dismissed.**

Dated this 4th day of January, 2010.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE